UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC. | : : : | |
| Plaintiff, | : : | Civil Action No. _____ |
| vs. | : : | |
| B.M. KOREA, CO. LTD. | : : | DECEMBER 4, 2003 |
| Defendant. | : : | |

## COMPLAINT

World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, files this Complaint against B.M. Korea, Co. Ltd. ("BM Korea") alleging as follows:

## NATURE OF THE ACTION

1.  This action arises out of BM Korea's willful refusal to pay monies due and owing to WWE pursuant to the terms of the parties' operative license agreement.

2.  In or around January 2003, BM Korea entered into a license agreement with WWE for the exclusive right to distribute WWE home videos in South Korea. Under the terms of the contract, BM Korea agreed to make certain guaranteed minimum annual payments to WWE based on the payment schedule set forth in the parties' agreement.

3.  Approximately seven months later, BM Korea unilaterally declared that it no longer wished to be bound by the contract into which it freely entered. In

connection with that unilateral declaration, BM Korea has refused to pay WWE monies that are currently past due as well as guaranteed annual payments owed for the remainder of the contract term.

## THE PARTIES

4. Plaintiff WWE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWE is an integrated media and entertainment company principally engaged in the development, promotion and marketing of television programming, pay-per-view programming and live arena events, and the licensing and sale of branded consumer products.

5. Upon information and belief, Defendant BM Korea is a South Korean corporation having its principal place of business at F2 Yushin Building, 187-7, Hankangro-2Ka, Youngsan-Ku, Seoul, Korea. BM Korea is a manufacturer, packager, distributor and seller of entertainment programming.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of these claims and the parties pursuant to 28 U.S.C. § 1332 because WWE is a citizen of Connecticut and BM Korea is a citizen of a foreign state, and the amount in controversy exceeds $75,000.

7. This Court also has jurisdiction over BM Korea pursuant to Conn. Gen. Stat. § 33-929 because BM Korea voluntarily undertook contractual obligations with WWE in Connecticut. The signed agreement at issue in this dispute also states that the District of Connecticut is a forum to decide disputes concerning the contract. Furthermore and/or in the alternative, the Court has jurisdiction over BM Korea because Connecticut is the location of the acts or omissions giving rise to the action occurred.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, *inter alia,* (i) a substantial part of the events giving rise to the claims alleged herein occurred in this District; (ii) Defendant has transacted business in this District; and (iii) Defendant is an alien and may therefore be sued in any District of the United States.

### **FACTUAL BACKGROUND**

9. On or around January 17, 2003, WWE and BM Korea entered into the World Wrestling Entertainment, Inc. Video License Agreement (the "License Agreement") which authorized BM Korea to manufacture and distribute home videos of WWE programming within the territory of South Korea. A true and correct copy of the License Agreement is attached hereto as Exhibit 1.

10. The License Agreement was agreed to and executed by Kyung-Soo Kim, President of BM Korea and Donna Goldsmith, Senior Vice President, Consumer Products of WWE.

11. The License Agreement provides for a three-year term commencing as of November 1, 2002 and expiring October 31, 2005.

12. Pursuant to the License Agreement, BM Korea is obligated to pay WWE a percentage royalty of 20% of the wholesale sales price or US $1.70 per title, whichever is greater, on all sales of the licensed products by BM Korea to its customers or distributors. License Agreement ¶ 4(b)(i).

13. In addition, BM Korea guarantees under the License Agreement that:

> the royalty payments to WWE shall not be less than the amount set forth opposite such Contract Year referenced below for each country in the Territory:

| CONTRACT YEAR | MINIMUM ANNUAL GUARANTEE DUE |
|---|---|
| First Contract Year | US $144,000.00 |
| Second Contract Year | US $144,000.00 |
| Third Contract Year | US $144,000.00 |

14.     The License Agreement provides that the minimum amount of royalties to be paid to WWE shall be payable within thirty (30) days after the close of each Calendar Quarter (i.e., 30 days after March 31st, June 30th, September 30th and December 31st), and shall "be equal to: (1) one-fourth (25%) of the Minimum Annual Guarantee for such Contract Year or (2) the actual royalty amount due pursuant to section 4(b) should the total of that amount be greater than 25% of the Minimum Annual Guarantee for the Contract Year at issue."  License Agreement ¶ 4(c)(ii).

15.     Thus, pursuant to the License Agreement, BM Korea was required to pay WWE at least $36,000 every three months starting on April 30, 2003.

16.     BM Korea also agreed to pay WWE an Advance Royalty Amount of $36,000 upon execution of the License Agreement to be "set off as a credit only against royalties due WWE for the First Contract Year."  BM Korea paid WWE the Advance Royalty Amount of $36,000 in January 2003.  Since payment of the Advance Royalty Amount, however, BM Korea has not paid WWE any other monies in accordance with the License Agreement.

17.     Specifically, BM Korea has failed to pay WWE $108,000 of the Minimum Annual Guarantee for the First Contract Year ($144,000 minus the $36,000 Advance Royalty Amount), and has advised WWE that it will not pay WWE the

4

Minimum Annual Guarantee of $144,000 for each of the Second and Third Contract Years.

## FIRST CLAIM FOR RELIEF—BREACH OF CONTRACT

18. Each of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

19. As described in detail above, BM Korea was and remains obligated pursuant to the License Agreement to pay WWE on a quarterly basis a Minimum Annual Guarantee or royalties on the distribution and sale of home videos of WWE programming in excess of the Minimum Annual Guarantee.

20. BM Korea has failed to pay WWE the Minimum Annual Guarantee or royalties in excess of the Minimum Annual Guarantee, as required by the License Agreement. Specifically, for the First Contract Year, which concluded on October 31, 2003, BM Korea paid WWE only $36,000 of the $144,000 Minimum Annual Guarantee. Accordingly, BM Korea owes WWE at least $108,000 for the First Contract Year.

21. During the First Contract Year, WWE properly performed all of its obligations under the terms of the License Agreement, including, among other things, providing video footage of WWE programming to BM Korea for the manufacture, distribution and sale by BM Korea of home videos of WWE programming.

22. Upon information and belief, BM Korea used the video footage provided by WWE to manufacture, distribute and sell home videos of WWE programming. BM Korea has not paid WWE any royalties on the sales of home videos of WWE programming distributed and sold by BM Korea in accordance with the License Agreement.

23. By failing to pay WWE monies due and owing under the terms of the License Agreement, BM Korea has breached the License Agreement.

24. As a direct result of BM Korea's breach of the License Agreement, WWE has sustained damages of at least $108,000 during the First Contract Year of the License Agreement.

**SECOND CLAIM FOR RELIEF – ANTICIPATORY BREACH OF CONTRACT**

25. Each of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

26. Pursuant to the License Agreement, BM Korea owes WWE a Minimum Annual Guarantee in the amount of $144,000 for each of the Second and Third Contract Years. BM Korea thus owes WWE a minimum of $288,000 for the Second and Third Contract Years. BM Korea has not paid WWE the Minimum Annual Guarantee for the Second and Third Contract Years in the amount of $288,000.

27. BM Korea has explicitly manifested its intention to WWE, both orally and in writing, that it would not perform its obligations under the terms of the License Agreement for the Second and Third Contract Years.

28. By failing to pay WWE monies the Minimum Annual Guarantees for the Second and Third Contract Years, and explicitly manifesting its intention to WWE that it would not perform its obligations in the future, BM Korea has anticipatorily breached the License Agreement.

29. Until learning of BM Korea's anticipatory breach of the License Agreement, WWE had properly performed all of its obligations under the terms of the

License Agreement, and WWE remains ready, willing and able to perform its obligations throughout the term of the License Agreement.

30. As a direct result of BM Korea's anticipatory breach of the License Agreement, WWE has sustained damages of at least $288,000.

### THIRD CLAIM FOR RELIEF—UNJUST ENRICHMENT

31. Each of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

32. Pursuant to the License Agreement, WWE licensed to BM Korea the right to manufacture, distribute, and sell home videos of WWE programming in South Korea.

33. WWE has fully performed its obligations to BM Korea under the License Agreement, including, among other things, providing video footage of WWE programming to BM Korea for the manufacture, distribution and sale by BM Korea of home videos of WWE programming.

34. BM Korea has failed to pay WWE any royalties or other compensation on sales of WWE home videos distributed and sold by BM Korea to the detriment of WWE.

35. Accordingly, BM Korea has unfairly and unjustly enjoyed benefits to which it has not been entitled.

36. It would be unfair and unjust for BM Korea to receive and retain the benefits of distributing and selling home videos of WWE programming without compensating WWE for the same.

7

## **PRAYER FOR RELIEF**

WHEREFORE, WWE requests that judgment be entered against BM Korea and that WWE be awarded the following relief:

a. damages in an amount in excess of $396,000 to be proven at trial, exclusive of interest and costs,

b. damages in an amount equal to all royalties owed to WWE from BM Korea's distribution and sale of home videos of WWE programming in excess of $396,000;

c. all interest accrued on all monies owed to WWE by BM Korea; and

d. such other and further relief as this Court deems just and appropriate.

**JURY TRIAL DEMANDED**

                                    PLAINTIFF, WORLD WRESTLING ENTERTAINMENT, INC.

By: _____
    Stanley A. Twardy, Jr. (ct05096)
    Terence J. Gallagher (ct22415)
    DAY, BERRY & HOWARD LLP
    One Canterbury Green
    Stamford, CT  06901-2047
    (203) 977-7300 (phone)
    (203) 977-7301 (fax)

Its Attorneys

Of Counsel:

Jerry S. McDevitt, Esq.
Curtis B. Krasik, Esq.
Julie R. Fenstermaker, Esq.
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222