UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | : | CIVIL ACTION NO. 3:03-CV-2087 (MRK) |
| Plaintiff, | : | |
| vs. | : | |
| B.M. KOREA, CO. LTD., | : | |
| Defendant. | : | OCTOBER 11, 2004 |

**MOTION FOR JUDGMENT BY DEFAULT
AGAINST DEFENDANT B.M. KOREA CO., LTD.**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff World Wrestling Entertainment, Inc. ("WWE") hereby moves for entry of judgment by default against Defendant B.M. Korea Co., Ltd. and in support thereof states:

1. The Complaint in this matter was filed on December 4, 2003.

2. The Summons and Complaint were served on Defendant B.M. Korea pursuant to the Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters dated November 15, 1965 (the "Hague Convention") on May 24, 2004. *See* Fed. R. Civ. P. 4(h)(2). A certificate of service in the form required by Article 6 of the Hague Convention was filed on July 6, 2004. A copy of the return of service is attached as Exhibit A.

3. On June 15, 2004 counsel for Defendant B.M. Korea filed a Notice of Appearance and, upon motion by Defendant, the Court extended Defendant's deadline until July 14, 2004 to respond to WWE's Complaint.

4. Defendant B.M. Korea did not respond to WWE's Complaint by July 14, 2004.

**ORAL ARGUMENT NOT REQUESTED**

5. On July 14, 2004, Defendant B.M. Korea's counsel, Arent Fox PLLC, filed a motion for leave to withdraw as counsel for Defendant. According to Arent Fox's motion, Defendant B.M. Korea had instructed Arent Fox to take no further action in this matter.

6. On July 20, 2004 WWE filed an Application for Entry of Default By Clerk.

7. Following a telephonic conference with the Court, the Court issued an Order dated August 19, 2004 requiring Defendant B.M. Korea to respond to WWE's Complaint and substitute counsel by September 2, 2004 or else the Court would grant WWE's Application for Entry of Default. A copy of the Court's August 19, 2004 Order is attached hereto as Exhibit B.

8. Counsel for B.M. Korea provided notice to B.M. Korea as required by the Court's August 17, 2004 Order. A copy of Arent Fox's certification is attached as Exhibit C.

9. Defendant B.M. Korea did not respond to WWE's Complaint or substitute counsel by September 2, 2004. Accordingly, the Court issued an Order dated September 10, 2004, among other things, granting WWE's Application for Entry of Default. A copy of the Court's September 10, 2004 Order is attached as Exhibit D.

10. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, this Court is authorized to enter the amount of damages on a default judgment. Fed.R.Civ.P. 55(b). The Second Circuit has recognized that courts may base such damages determinations on the submission of affidavits and documentary evidence. *Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

11. Substantively, this Court has entered a default judgment against Defendant B.M. Korea on WWE's claim of breach of the parties' license agreement, a copy of which is attached to WWE's Complaint.

12.     As set forth in WWE's Complaint and the attached affidavit, Defendant B.M. Korea was required to pay WWE a minimum annual guarantee $144,000 for each year of the three years of the parties' license agreement.  However, Defendant B.M. Korea only paid WWE $36,000 during the first contract year.  Accordingly, Defendant B.M. Korea owes WWE the remaining $108,000 for the first contract year, the full $144,000 for the second contract year, and the full $144,000 for the third contract year—resulting in total damages of $396,000.  *See Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff & Kotkin,* 717 A.2d 724 (Conn. 1998)(noting court may prospectively award damages for the entire term of a breached contract); *Ibamatic Corp. v. United Technologies, Inc.,* 2002 WL 1842977, *6 (Conn. Super. July 16, 2002)(awarding damages for future profits under a contract).[1]

13.     The Affidavit of Joel Satin detailing the factual basis for this Motion is attached as Exhibit E and incorporated by reference herein.

---

[1] A copy of this unreported opinion is attached hereto as Exhibit F.

WHEREFORE, WWE respectfully requests that this Court enter the proposed Judgment By Default against Defendant B.M. Korea Co., Ltd. in this matter.

Respectfully submitted,

PLAINTIFF WORLD WRESTLING ENTERTAINMENT, INC.

By: /s/ Terence J. Gallagher
Terence J. Gallagher (ct22415)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT  06901-2047
(203) 977-7300 (phone)
(203) 977-7301 (fax)

and

Jerry S. McDevitt, Esq.
Curtis B. Krasik, Esq.
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222

Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this 11th day of October, 2004, by overnight courier, postage prepaid, to:

>B.M. Korea Co., Ltd.
>F2 Yushin Building, 187-7
>Hankangro-2Ka
>Youngsan-Ku, Seoul
>Korea

>/s/ Terence J. Gallagher
>Terence J. Gallagher